**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**WV DIVISION OF HIGHWAYS,**
**Employer Below, Petitioner**

**vs.)    No. 20-0460** (BOR Appeal No. 2055021)
(Claim No. 2014037176)

**MELINDA A. DALTON,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner WV Division of Highways, by Counsel Melissa M. Stickler, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Melinda A. Dalton, by Counsel Reginald D. Henry, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied authorization of an L5-S1 one-level fusion on May 3, 2019. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its December 11, 2019, Order and authorized the surgery. The Order was affirmed by the Board of Review on June 3, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

. . . .

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Dalton, an equipment operator, injured her lower back and left hip in the course of her employment on June 17, 2014, while she was shoveling. Ms. Dalton has a history of lower back issues. A lumbar MRI was performed on June 3, 2010, and showed a small disc herniation and disc degeneration at L5-S1 as well as L4-5 disc degeneration with posterior disc straightening. In a March 30, 2011, treatment note, Matthew Ranson, M.D., diagnosed lumbosacral spondylosis, lumbar disc displacement, and lumbar/lumbosacral disc degeneration. He recommended radiofrequency treatment and physical therapy.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on April 12, 2011, in which he noted that Ms. Dalton had returned to full duty work. Dr. Mukkamala diagnosed right knee contusion, left hip contusion, and lumbar sprain. He noted that the claim was also held compensable for lumbar disc displacement with myelopathy. Ms. Dalton had reached maximum medical improvement.

Following the compensable injury at issue, a lumbar MRI was performed on July 2, 2014, and showed a stable L4-5 disc bulge, a stable L5-S1 disc protrusion, degenerative disc disease, and degenerative facet disease. The claim was held compensable for lumbar sprain/strain on July 10, 2014.

On March 10, 2016, Paul Bachwitt, M.D., performed an Independent Medical Evaluation in which he found that Ms. Dalton had not reached maximum medical improvement. He diagnosed lumbar sprain/strain, L4-5 and L5-S1 annular tears, degenerative disc disease, and degenerative facet disease. Dr. Bachwitt recommended a pain clinic evaluation, physical therapy, and an EMG. The EMG was performed on March 18, 2016, and revealed normal results with no indication of radiculopathy or polyneuropathy. A lumbar MRI was performed on April 26, 2016, and showed no changes from the previous study. It was noted that there was a shallow protrusion and annular rent at L5-S1.

Dr. Bachwitt performed an Independent Medical Evaluation on June 30, 2016, in which he found that Ms. Dalton had not reached maximum medical improvement. He recommended physical therapy and referral to a pain clinic for injections.

On March 2, 2017, P. Kent Thrush, M.D., performed an Independent Medical Evaluation in which he found that Ms. Dalton had reached maximum medical improvement. He diagnosed lumbar sprain without underlying degenerative arthritis and degenerative disc disease at L4-5 and L5-S1. He noted that three MRIs were performed, and all showed degenerative disc disease with mild bulging at L4-5 and L5-S1. Dr. Thrush recommended no further treatment. Dr. Thrush stated that Ms. Dalton could return to light and perhaps medium duty due to her preexisting degenerative arthritis and disc disease. In a March 15, 2017, addendum to his report, Dr. Thrush stated that he had reviewed additional medical records, but his opinion remained unchanged.

Paul Oar, M.D., completed a Diagnosis Update on August 16, 2017, requesting the addition of lumbar sprain/strain, L4-5 and L5-S1 annular tear, L4-5 and L5-S1 disc bulges, and lumbar radiculitis to the claim. The claims administrator added L5-S1 annular tear and L4-5 disc bulge to the claim on August 23, 2018.

In a November 21, 2018, treatment note, Dr. Patel noted that Ms. Dalton reported severe lower back pain. It was noted that a discogram was recently performed and was interpreted as being positive at L5-S1. Dr. Patel diagnosed L5-S1 annular tear, lumbar sprain, lumbar radiculitis, and L5-S1 disc bulge. Dr. Patel stated that since Ms. Dalton had failed conservative measures, a one-level L5-S1 fusion should be performed. Dr. Patel requested authorization for L5-S1 surgery to treat an L5-S1 annular tear, lumbar sprain, and radiculitis on January 8, 2019.

Dr. Thrush performed an Independent Medical Evaluation on January 25, 2019, in which he opined that Ms. Dalton's preexisting degenerative arthritis and disc disease at L4-5 and L5-S1 significantly hampered her lumbar sprain recovery. Dr. Thrush opined that the compensable sprain had resolved and that Ms. Dalton had reached maximum medical improvement. He recommended no further treatment for the compensable injury.

In a March 15, 2019, letter, Dr. Thrush stated that he disagreed with the decision to hold the claim compensable for L5-S1 annular tear and L4-5 disc bulge. Dr. Thrush referred to the MRIs, which he stated show no difference in Ms. Dalton's spinal condition before and after the injury. Dr. Thrush noted that Ms. Dalton suffered a low back injury in 2010 and was off of work for a year. He recommended against surgery for Ms. Dalton. Dr. Thrush stated that Ms. Dalton had no neurological deficits and that her radicular symptoms were intermittent. There were no significant disc herniations or nerve root impingement evident on MRIs, and an EMG was normal. Dr. Thrush opined that Ms. Dalton's chance of seeing improvement from surgery were very low. The claims administrator denied authorization of an L5-S1 one-level fusion on May 3, 2019.

In an August 22, 2019, Independent Medical Evaluation, Dr. Thrush opined that Ms. Dalton's subjective complaints were disproportionate to the MRI findings. Dr. Thrush noted that Ms. Dalton had degenerative disc disease prior to the compensable injury. He found she had reached maximum medical improvement for her compensable injury and recommended no further

treatment. Dr. Thrush opined that if surgery was performed, it would be aimed at treating preexisting degenerative arthritis and degenerative disc disease. Dr. Thrush stated that Ms. Dalton's MRI findings were fairly mild; she had disproportionate symptoms; her EMG was normal; and all three MRIs showed no significant evidence of disc herniation, canal stenosis, foraminal narrowing, or nerve root compression. Dr. Thrush opined that surgery was not indicated for Ms. Dalton.

The Office of Judges reversed the claims administrator's denial of authorization of a one-level L5-S1 fusion and authorized the surgery in its December 11, 2019, Order. The Office of Judges found that L5-S1 annular tear and L4-5 disc bulge were added to the claim. Dr. Thrush recommended against surgery for Ms. Dalton stating that historically, people with her symptoms do not benefit from surgery. However, Dr. Patel, the treating physician, recommended the surgery. The Office of Judges determined that the opinions of Drs. Thrush and Patel should be afforded equal evidentiary weight. Pursuant to West Virginia Code § 23-4-1g, when the evidence of record is equal, the matter must be resolved in favor of Ms. Dalton's position. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 3, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1(a) workers' compensation benefits shall be provided to those employees who have received personal injuries in the course of and as a result of their covered employment. Further, West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. The evidence of record shows that Dr. Patel, Ms. Dalton's treating physician, requested authorization of an L5-S1 fusion to treat an L5-S1 annular tear. Such condition was added to the claim as a compensable condition. Though Dr. Thrush opined that the surgery was not necessary treatment, his opinion is as reliable as Dr. Patel's. The matter was correctly resolved in Ms. Dalton's favor.

Affirmed.

**ISSUED:** October 4, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4